The Honorable Jimmie Lou Fisher State Treasurer 220 State Capitol Little Rock, AR 72201
Dear Ms. Fisher:
This is in response to your request for an opinion concerning the distribution of sales tax funds collected pursuant to A.C.A.14-164-338 (Supp. 1989). Specifically, you have indicated that Drew County has imposed a sales tax pursuant to A.C.A. 14-164-338, and the county attorney has informed the Treasurer's office that he believes the proper method for distribution of the funds collected, once they are deposited with the treasurer's office, is that they are to be distributed to the taxing entity only, (in this case Drew County), rather than to the county and the cities per capita.
The relevant statutory provision is A.C.A. 14-164-338 (Supp. 1989), which provides as follows:
 If a legislative body determines that a one percent (1%) sales or use tax or any other local tax authorized by law would, if levied for no longer that twenty-four (24) months, produce sufficient revenue to finance capital improvements of a public nature without resorting to a bond issue, the legislative body may dispense with the issuance of bonds, levy the tax for no longer than twenty-four (24) months, and appropriate the resulting revenues, subject to the Arkansas Constitution, Article 12, Section 4, paragraphs 2 through 4, provided:
 (1) A majority of the qualified electors of the county or municipality voting on the question at a general or special election shall have approved the tax and the purpose of the capital improvements; and
 (2) The revenues from the tax are expended solely for the purpose authorized by the electorate.
This statute was originally adopted in the Fourth Extraordinary Session of 1988, then later amended by Act 458 of 1989. It appears in Title 14, Chapter 164, Subchapter 301 et seq., which is entitled the "Local Government Bond Act." That subchapter provides for the levy of a sales tax to retire bonds issued to finance capital improvements. Section 14-164-336 provides that the moneys collected under the sales tax are to be remitted the State Treasurer for deposit into the "Local Sales and Use Tax Trust Fund." Subsection (c) of A.C.A. 14-164-336 provides in pertinent part as follows:
 (c) The State Treasurer shall transmit monthly to the treasurer of the municipality or county, as the case may be, or in the alternative, to a bank or other depository designated by the municipality or county, the moneys of the municipality or county held in the Local Sales and Use Tax Trust Fund established by this subchapter. . . . [Emphasis added.]
The statute above seems to clearly contemplate that the money collected from the sales tax be distributed either to the county or the municipality, "as the case may be", but not to each per capita. It is uncertain, however, whether the language above applies to a tax levied pursuant to the authority granted in A.C.A. 14-164-338. The publisher's note to the latter statute advises that references to "this subchapter" in 14-164-301 — 337 may not apply to 14-164-338 because it was enacted subsequently.
There is another provision of law governing the distribution of sales and use tax moneys by the State Treasurer. That statute is A.C.A. 26-74-214, which provides in section 26-74-214(b)(2) that:
 (2) The State Treasurer shall monthly transmit to the county treasurer and to the city treasurer of each municipality located in a county levying the tax authorized in this subchapter their per capita share of the moneys received by the State Treasurer from the sales tax levied by such county . . . .
This provision is found in Title 26, Chapter 74, entitled "County Sales and Use Taxes." Subchapter 201 et seq. of that chapter is entitled "Sales and Use Tax for Capital Improvements." The provision above requires a per capita distribution of sales tax moneys collected under the authority of that subchapter.
The question for resolution is whether the sales tax moneys collected under A.C.A. 14-164-338 are to be distributed only to the taxing entity itself, as required by A.C.A. 14-164-336(c), or per capita to the county and municipalities as required by A.C.A.26-74-214(b)(2). It is my opinion that they are to be distributed to the taxing entity alone.
In addition to the fact that 14-164-338 appears in the subchapter requiring distribution to the taxing entity alone, the language of14-164-338 itself seems to require this result. It provides that the legislative body may "levy the tax . . . and appropriate the resulting revenues. . . ." It is my opinion that this language does not contemplate other legislative entities having any appropriate authority over the collected funds, and that thus, the cities are not entitled to a distribution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.